```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                    JACKSON DIVISION
```

**GARY KEITH THOMPSON, ET AL.**                              **PLAINTIFFS**

**VS.**                                  **CIVIL ACTION NO. 3:04CV837-WHB-JCS**

**SANDERSON FARMS, INC., AND**
**UNITED FOOD AND COMMERCIAL WORKERS**
**(LOCAL 1529, AFL-CIO)**                                    **DEFENDANTS**

## OPINION AND ORDER

This cause is before the Court on the following:

1) the Motion of Defendant Sanderson Farms, Inc. (hereinafter "Sanderson Farms") to Dismiss Plaintiff Lincoln Collins, filed with the Clerk of the Court on February 6, 2006, under docket entry no. 74;

2) the Motion of Defendant Sanderson Farms to Dismiss Plaintiff Luther Wallace, filed on February 7, 2006, under docket entry no. 76;

3) the Motion of Defendant Sanderson Farms to Dismiss Plaintiff Michael Hood, filed on February 10, 2006, under docket entry no. 82;

4) Plaintiffs' Motion to Join and/or Substitute Real Parties in Interest Coupled with Objection to Defendant's Motion to Dismiss, filed February 21, 2006, under docket entry no. 116;

5) the Motion of Defendant Sanderson Farms to File Surreply, filed April 5, 2006, under docket entry no. 220.

Having considered the Motions, Responses, Rebuttals and all attachments to each, as well as supporting and opposing authority, the Court finds:

1)   the Motion of Defendant Sanderson Farms to Dismiss Plaintiff Lincoln Collins is well taken and should be granted;

2)   the Motion of Defendant Sanderson Farms to Dismiss Plaintiff Luther Wallace is well taken and should be granted;

3)   the Motion of Defendant Sanderson Farms to Dismiss Plaintiff Michael Hood is well taken and should be granted;

4)   Plaintiffs' Motion to Join and/or Substitute Real Parties in Interest Coupled with Objection to Defendant's Motion to Dismiss is not well taken and should be denied;

5)   the Motion of Defendant Sanderson Farms to File Surreply is well taken and should be granted.

## I. Factual Background and Procedural History[1]

This cause of action arises out of alleged race discrimination in the employment process. Plaintiffs, who are all members of the black race, are or were employed by Defendant Sanderson Farms. Plaintiffs allege that they suffered adverse disparate treatment based on their race. Proper and timely administrative procedures

---

[1] The Motions currently before the Court do not pertain to most of the Plaintiffs in this cause. Therefore, a detailed recitation of facts is not included in this section of the Opinion. Additional facts pertinent to the issues now before the Court are included as part of the analyses in the following sections to this Opinion.

were pursued through the Equal Employment Opportunity Commission (hereinafter "EEOC"), but the controversy was not resolved. Aggrieved by the alleged race discrimination, the Plaintiffs named herein, as well as numerous other Plaintiffs, filed suit in this Court on May 19, 2003.  The cause number for the initially filed suit was 3:03cv699BN.  Through an Order filed in cause no. 3:03cv699BN on August 26, 2004, that case was closed, and Plaintiffs were ordered to sever their causes of action.  The Order resulted in the filing of six separate causes of action, each containing a group of Plaintiffs that had previously been parties in cause no. 3:03cv699BN.  The subject case, which includes thirty-five named Plaintiffs, is one of the six severed causes.

The subject Complaint was filed on October 12, 2004.[2]  The Complaint states three claims.  Count one is a race discrimination claim brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (hereinafter "Title VII").  Count two alleges deprivation of full and equal benefits of the laws, and is brought under the Civil Rights Act of 1866 and/or 1870, 42 U.S.C. § 1981 (hereinafter "§ 1981").  Under counts one and two, Plaintiffs seek an unspecified amount of both compensatory and punitive damages.  Under count three, Plaintiffs seek declaratory and injunctive relief to ameliorate the alleged discriminatory

---

[2]Pursuant to the provisions of an Order filed on October 12, 2004, in cause no. 3:03cv699BN, the filing of this case "relates back" to the original filing date of May 19, 2003.

practices of Sanderson Farms.  Per the Complaint, the sole purpose for joining Defendant United Food and Commercial Workers (Local 1529, AFL-CIO) in this case is to allow its participation in any remedy ordered by the Court. Complaint, p. 99, ¶ 180.

The Motions stated in the introduction of this Order are now ripe for consideration.  They are addressed under the following subheadings.

## II.  Analysis

A.   **Motions of Defendant Sanderson Farms to Dismiss Plaintiffs Lincoln Collins, Luther Wallace and Michael Hood**

In the three Motions to Dismiss, Sanderson Farms argues that the claims of Plaintiffs Collins, Wallace and Hood are barred by the doctrine of judicial estoppel.  In particular, Sanderson Farms contends that application of judicial estoppel is warranted because these Plaintiffs filed Voluntary Petitions for Bankruptcy under either Chapter 7 or Chapter 13 of the Bankruptcy Code, and failed to list the subject discrimination claims as potential assets.[3]  To analyze the subject issue, the Court must set forth the parameters of judicial estoppel, with particular emphasis on the failure of a

---

[3]As part of a bankruptcy filing, the debtor is required to state and certify to the accuracy of several issues.  This information is included in a body of "Schedules."  Schedule B is titled "Personal Property."  Item twenty on Schedule B requires a statement of all potential unliquidated claims of a debtor.  Potential causes of action are required to be stated under item twenty of Schedule B.

4

debtor to disclose a potential cause of action on the appropriate Bankruptcy Schedule(s).

**1.   Judicial Estoppel Standard**

The underlying purpose of judicial estoppel is to prevent "a party from asserting a position in a legal proceeding that is contrary to a position previously taken in the same or some earlier proceeding." Feder v. Elec. Data Sys. Corp., 429 F.3d 125, 136 (5th Cir. 2005)(citation omitted). Judicial estoppel prevents litigants from "playing fast and loose" with the court system. Id. (citations omitted). "The doctrine is generally applied where 'intentional self-contradiction is being used as a means of obtaining unfair advantage in a forum provided for suitors seeking justice.'" In re: Coastal Plains, Inc., 179 F.3d 197, 206 (5th Cir. 1999)(citation omitted). Because judicial estoppel is meant to protect the judicial system, as opposed to litigants within the system, there is no requirement of detrimental reliance by the party asserting judicial estoppel. Jethroe v. Omnova Solutions, Inc., 412 F.3d 598, 600 (5th Cir. 2005)(citation omitted).

*Judicial estoppel is particularly appropriate where ... a party fails to disclose an asset to a bankruptcy court, but then pursues a claim in a separate tribunal based on that undisclosed asset*. Jethroe, 412 F.3d at 600 (emphasis added). For example, "[a] plaintiff is judicially estopped from pursuing an EEOC charge filed while his bankruptcy petition was pending and where he did

not fulfill his duty to amend the petition to include that claim." Id. (citation omitted).

The burden to prove judicial estoppel is on the party invoking the doctrine. Smith v. United States, 328 F.3d 760, 765 (5th Cir. 2003).[4]  To successfully assert judicial estoppel, the proponent must satisfy the following three elements: "(1) the position of the party against which estoppel is sought is plainly inconsistent with its prior legal position; (2) the party against which estoppel is sought convinced a court to accept the prior position; and (3) the party did not act inadvertently." Jethroe, 412 F.3d at 600 (citation omitted).  As the subject case involves prior inconsistent statements in a bankruptcy proceeding, the Court focuses on judicial estoppel in that context when considering these three elements.

The first element of the test for judicial estoppel is satisfied if a litigant asserts a particular position in a litigation, then later asserts a contrary position in the same or another litigation.  "[T]he Bankruptcy Code and Rules impose upon bankruptcy debtors an express, affirmative duty to disclose all assets, *including contingent and unliquidated claims*." Coastal Plains, 179 F.3d at 207-08 (citing 11 U.S.C. § 521(1))(emphasis in

---

[4]Smith involves the issue of equitable estoppel.  However, assignment of the burden of proof with regard to judicial estoppel is the same, as both of the doctrines represent equitable defenses to claims.

6

original). "The duty of disclosure in a bankruptcy proceeding is a continuing one, and a debtor is required to disclose *all potential causes of action*." Id. at 208 (emphasis added; citation omitted). By omitting a claim or potential claim from the applicable bankruptcy schedule(s), a debtor represents to the bankruptcy court that the claim does not exist. Id. at 210; In re: Superior Crewboats, Inc., 374 F.3d 330, 335 (5th Cir. 2004)(citing Coastal Plains). Based on these holdings, if a litigant fails to disclose a pending or potential claim during a bankruptcy proceeding and later attempts to pursue that claim in a court of law, then element one of the test for judicial estoppel is met.

The second element for judicial estoppel is met if the party against whom estoppel is asserted convinced a court to accept the prior inconsistent position.

> [T]he "judicial acceptance" requirement "does not mean that the party against whom the judicial estoppel doctrine is to be invoked must have prevailed on the merits. Rather, judicial acceptance means only that the first court has adopted the position urged by the party, either as a preliminary matter or as part of a final disposition". Reynolds v. Commissioner of Internal Revenue, 861 F.2d 469, 473 (6th Cir.1988).

Coastal Plains, 179 F.3d at 206; Superior Crewboats, 374 F.3d at 335 (citing Coastal Plains). Therefore, if a bankruptcy court merely "adopts" an assertion or omission by a debtor in a bankruptcy proceeding, then element two of the judicial estoppel test is met with regard to a later legal claim which is inconsistent with that assertion or omission.

The third element for successful assertion of judicial estoppel requires no "inadvertent" action by the party against whom the doctrine is asserted. To establish that failure to disclose a cause of action on the bankruptcy schedule(s) was inadvertent, a debtor must prove: *either* (1) lack of knowledge of the inconsistent position; *or* (2) no motive for concealment. Jethroe, 412 F.3d at 600-01 (citation omitted). The standards for these two sub-elements must be set forth separately.

Regarding the lack of knowledge sub-element, to overcome judicial estoppel the debtor must show that "she was unaware of the facts giving rise to" the claim. Jethroe, 412 F.3d at 601 (citation omitted); Coastal Plains, 179 F.3d at 208 (citation omitted). That is,

> "[t]he debtor need not know all the facts or even the legal basis for the cause of action; rather, if the debtor has enough information ... prior to confirmation to suggest that it may have a possible cause of action, then that is a 'known' cause of action such that it must be disclosed". [Youngblood Group v. Lufkin Fed. Sav. & Loan Ass'n, 932 F.Supp. 859, 867 (E.D. Tex. 1996)](brackets omitted; quoting Union Carbide Corp. v. Viskase Corp. (In re Envirodyne Indus., Inc.), 183 B.R. 812, 821 n.17 (Bankr. N.D. Ill. 1995)).

Coastal Plains, 179 F.3d at 208. Further, the fact that the debtor was unaware that she had a *legal duty* to disclose the claim *is of no consequence* in this analysis. Jethroe, 412 F.3d at 601 (citation omitted); Kamont v. West, 83 Fed. App'x 1, 2003 WL 22477703 at *3 (5th Cir. 2003)(citation omitted). Under these holdings, so long as the debtor has knowledge of the underlying facts of an actual or

8

potential claim, then the debtor is deemed to have knowledge of the claim.

The motivation sub-element is met if is the debtor would "reap a windfall" by being "able to recover on the undisclosed claim without having disclosed it to creditors." Superior Crewboats, 374 F.3d at 336. "Such a result would permit debtors to '[c]onceal their claims; get rid of [their] creditors on the cheap, and start over with a bundle of rights.'" Id. (bracketed text in original; citation omitted). In short, the motivation sub-element is almost always met if a debtor fails to disclose a claim or possible claim to the bankruptcy court. Motivation in this context is self-evident because of potential financial benefit resulting from the nondisclosure. See Jethroe, 412 F.3d at 601 (citation omitted).

The Court now proceeds with application of the above standards to the subject Motions. As the facts pertaining to the three Plaintiffs in issue vary slightly, each Motion to Dismiss must be considered separately.

**2.   Motion to Dismiss Plaintiff Lincoln Collins**

Collins was hired by Sanderson Farms in September of 1998. The Court is under the understanding that Collins continues to be employed by Sanderson Farms to this date. As stated above, Collins contends that his termination was based on unlawful race discrimination under Title VII. He further contends that his Constitutional rights, as protected by § 1981, were violated

9

through the wrongful termination.  On October 23, 2002, the National Association of Colored People (hereinafter "NAACP") filed a Charge of Discrimination with the EEOC.  Through the EEOC Charge, the NAACP alleged that the hiring and/or employment practices of Sanderson Farms were discriminatory against black employees and potential employees, including Plaintiff Collins.

On April 28, 2002, *after* the NAACP filed its Charge of Discrimination with the EEOC, Collins filed a Voluntary Petition for Bankruptcy (hereinafter "Voluntary Petition") under the provisions of Chapter 7 of the Bankruptcy Code.  Collins did not list his discrimination claim on Schedule B of his Voluntary Petition, as required by 11 U.S.C. § 521(1).  See Schedule B, attached as Exhibit "C" to Motion to Dismiss.  Therefore, the Court finds that element one of the test for judicial estoppel is met in this case; i.e., Collins' race discrimination claim in this case is inconsistent with his assertion in the bankruptcy proceeding that no potential legal claims existed.  See Jethroe, 412 F.3d at 600; Coastal Plains, 179 F.3d at 210;  Superior Crewboats, Inc., 374 F.3d at 335.

Regarding the second element for application of judicial estoppel, Collins must have convinced the bankruptcy court to adopt the position that he had no potential causes of action pending.  This, Collins did.  By omitting this cause of action from Schedule B of his Voluntary Petition, Collins represented to the bankruptcy

10

court that the subject discrimination claim did not exist.  On June 4, 2003, the Bankruptcy Trustee's Report of no Distribution was filed, and on August 13, 2003, the Order Approving July 23, 2003, the Bankruptcy Trustee's Report of no Distribution was filed in the Bankruptcy Court.  The provisions of the Order were necessarily based at least in part on Collins' representations, including the omission of the subject cause from Schedule B.  <u>See</u> Order Approving Trustee's Report of no Distribution and Closing Estate, attached as Exhibit "F" to Motion to Dismiss; Discharge of Debtor, attached as Exhibit "E" to Motion to Dismiss.  The Court finds that the second element of the judicial estoppel test is met.

The Court next considers the third element of the test for judicial estoppel, which questions whether Collins acted inadvertently when he omitted his discrimination claim from Schedule B.  This inquiry requires analysis of two sub-elements.

Under the first sub-element, in order for judicial estoppel to bar the subject cause, Collins must have had knowledge of his discrimination claim at the time of his bankruptcy proceeding.  The knowledge factor requires only that Collins was aware of the facts giving rise to his discrimination claim. <u>See</u> <u>Jethroe</u>, 412 F.3d at 601; <u>Coastal Plains</u>, 179 F.3d at 208.  At the time Collins filed his Voluntary Petition on April 28, 2003, he clearly possessed knowledge of the facts giving rise to the subject discrimination claim.  This is evident by the fact that Collins states in the

11

Complaint that white employees were assigned better loads to haul, which resulted in better pay, as early as January 1, 2002. Complaint, p. 37, ¶¶ 157. b. & c.  Also, the Collins filed Schedule B with the Bankruptcy Court on May 6, 2003, six days *after* the Notice of Right to Sue Letters associated with the subject cause were issued by the EEOC.  Based on Collins' awareness of facts underlying the subject discrimination claim prior to the filing of his Voluntary Petition, the Court finds that the knowledge sub-element for the inadvertence test is met.

The second and final sub-element for the inadvertence test considers Collins' motivation for omitting his discrimination claim from Schedule B.  The Court must find that the motivation sub-element is met if Collins would "reap a windfall" by failing to disclose his discrimination claim to the bankruptcy court.  See Superior Crewboats, 374 F.3d at 336.  Had Collins' bankruptcy case proceeded to fruition, he clearly would have benefitted from omitting the discrimination claim from Schedule B.  The benefit is that Collins, rather than his creditors, would have received the fruits of the subject discrimination claim.  This Court therefore finds that the motivation sub-element for the test of inadvertence is met.

Based on the above findings, all elements for the application of judicial estoppel are met with regard to Collins' discrimination claims against Sanderson Farms.  However, before reaching a final

decision on this issue, the Court must address one final argument asserted by Collins. Collins argues that the Court should find that Sanderson Farms waived its right to assert judicial estoppel because this equitable doctrine was not raised until almost three years after the original cause (3:03cv699BN) was filed. This argument must be rejected because there is no requirement for the judicial estoppel defense to be raised early in the proceeding. Kamont, 2003 WL 22477703 at *3.

Defendant Sanderson Farms has met its burden to prove all elements of the test for judicial estoppel, as it applies to Collins' claims against Sanderson Farms in this suit. Therefore, in accordance with the analysis presented above, as well as the analysis presented below which pertains to denial of Plaintiffs' Motion to Join and/or Substitute Real Parties in Interest, the subject Motion to Dismiss must be granted.[5]

### 3. Motion to Dismiss Plaintiff Luther Wallace

Most of the facts and legal maxims stated above in sections II.A.1. and 2. also apply to the Motion to Dismiss Luther Wallace. The factual differences follow. Wallace was hired by Sanderson

---

[5]Defendant United Food and Commercial Workers (Local 1529, AFL-CIO) did not join in the Motion to Dismiss. However, dismissal of Collins' claims against Local 1529 is appropriate because the sole purpose of its joinder was to allow union participation in any remedy ordered by the Court. See Complaint, p. 42, ¶ 151. With the dismissal of Collins' claims against Sanderson Farms, no remedy in any form will be awarded to Collins.

Farms in November of 2000. He alleges that during his entire employment tenure with Sanderson Farms, white truck drivers received better load assignments and better pay. Wallace voluntarily quit working for Sanderson Farms in January of 2002. However, he alleges that he was constructively discharged from his employment position. Specifically, Wallace alleges that he "left the company due to the disparate treatment that he endured based on his race." Complaint, p. 83, ¶ 157.d.  Accordingly, Wallace must have known of the facts underlying this race discrimination suit in January of 2002.

On July 11, 2002, Wallace filed a Voluntary Petition for Bankruptcy under Chapter 7 of the Bankruptcy Code. He filed the applicable schedules with the bankruptcy court, including Schedule B, on July 11, 2002. He failed to disclose the subject cause of action on Schedule B. See Schedule B, attached as Exhibit "C" to Motion to Dismiss. The Order Approving Trustee's Report of no Distribution was filed on October 25, 2002. See Order Approving Trustee's Report of No Distribution and Closing Estate, attached as Exhibit "F" to Motion to Dismiss; Discharge of Debtor, attached as Exhibit "E" to Motion to Dismiss.

Based on these facts and based on the same analysis presented above in section III.A.2. of this Opinion, the Court finds that Sanderson Farms has met its burden to prove that the Wallace's

claims are barred by the doctrine of equitable estoppel. The Motion to Dismiss must be granted.

**4.    Motion to Dismiss Plaintiff Michael Hood**

Again, most of the facts and legal principles stated above in sections II.A.1. and 2. apply to the Motion to Dismiss Plaintiff Michael Hood. The relevant factual differences follow. Hood was hired by Sanderson Farms at some time in year 2000. He was involved in a work related truck accident on November 30, 2001. Hood alleges that he was fired in February of 2002, because of his inability to work due to injures incurred in the truck accident. Hood further alleges that his termination was based on race discrimination because at least one white truck driver was not fired when he missed work due to physical injuries. Complaint, p. 70, ¶ 157.f.

Hood filed one Voluntary Petition in Bankruptcy before he was terminated from Sanderson Farms, and filed two additional Voluntary Petitions after he was fired. All three were filed under Chapter 13 of the Bankruptcy Code. The filing dates of the three Voluntary Petitions were May 18, 2001, November 20, 2002, and July 26, 2005. The first two bankruptcy suits were dismissed because of Hood's failure to make required payments under the payment plan adopted by the bankruptcy court. The third suit is still pending. Hood failed to disclose the subject discrimination claim on Schedule B

in any of the three suits. Applicable documents from the bankruptcy suits are attached as exhibits to the Motion to Dismiss.

Based on the facts of facts surrounding Hood's employment with Sanderson Farms and his bankruptcy suits, as well as the legal analysis presented above in section III.A.2. of this Opinion, the Court finds that Sanderson Farms has met its burden to prove that equitable estoppel bars Hood's claims. The Motion to Dismiss must therefore be granted.

**B.   Motion of Plaintiffs to Join and/or Substitute Real Parties in Interest Coupled with Objection to Defendant's Motion to Dismiss**

Through the Motion to Join and/or Substitute Real Parties in Interest, Plaintiffs Wallace and Collins seek to substitute the Bankruptcy Trustee as the real party in interest in this suit, after their closed Chapter 7 bankruptcy suits are re-opened. Superior Crewboats guides this Court in deciding whether this requested course of action is allowable.

> [A plaintiff] cannot be permitted, at [a] late date, to re-open the bankruptcy proceeding and amend their petition. Judicial estoppel was designed to prevent such abuses. See Burnes v. Pemco Aeroplex, Inc., 291 F.3d 1282, 1288 (11th Cir.2002) ("Allowing [the debtor] to back-up, re-open the bankruptcy case, and amend his bankruptcy filings, only after his omission has been challenged by an adversary, suggests that a debtor should consider disclosing personal assets only if he is caught concealing them.")

Superior Crewboats, 374 F.3d at 336. Based on this holding, the Court will not allow Plaintiffs Wallace and Collins to substitute the Bankruptcy Trustee as the real party in interest in this case.

16

Plaintiff Hood seeks somewhat different relief. Because the last of his three bankruptcy suits is still pending, he seeks to prosecute this suit in his capacity as the Chapter 13 debtor in possession of the discrimination claim, then allow proceeds from this litigation, if any, to flow to his bankruptcy estate. The Court is again guided by Superior Crewboats. A plaintiff / debtor should not be allowed to amend a bankruptcy petition "only after his omission has been challenged by an adversary[.]" Id. (quoting Burnes v. Pemco Aeroplex, Inc., 291 F.3d at 1288). Such would "suggest[] that a debtor should consider disclosing personal assets only if he is caught concealing them." Id. Based on application of this law to the facts of Hood's case, Hood will not be allowed to prosecute this suit in his capacity as the Chapter 13 debtor in possession.

Based on the above holdings, the Court finds that Plaintiffs' Motion to Join and/or Substitute Real Parties in Interest should be denied.

**C.   Motion of Defendant Sanderson Farms to File Surreply**

Sanderson Farms seeks leave of the Court to file a Surreply in support of its Motion to Dismiss. The Court finds that the Motion is well taken and should be granted. The Court has considered the Surreply. The Court notes, however, that even in the absence of the arguments presented in the Surreply, the outcome of the Motion to Dismiss would be the same.

### III.  Conclusion

Based on the holdings presented above:

IT IS THEREFORE ORDERED that the Motion of Defendant Sanderson to Dismiss Plaintiff Lincoln Collins (docket entry no. 74) is hereby granted.  Plaintiff Collins is dismissed from this case with prejudice.

IT IS FURTHER ORDERED that the Motion of Defendant Sanderson Farms to Dismiss Plaintiff Luther Wallace (docket entry no. 76) is hereby granted.  Plaintiff Wallace is dismissed from this case with prejudice.

IT IS FURTHER ORDERED that the Motion of Defendant Sanderson Farms to Dismiss Plaintiff Michael Hood (docket entry no. 82) is hereby granted.  Plaintiff Hood is dismissed from this case with prejudice.

IT IS FURTHER ORDERED that Plaintiffs' Motion to Join and/or Substitute Real Parties in Interest Coupled with Objection to Defendant's Motion to Dismiss (docket entry no. 116) is hereby denied.

IT IS FURTHER ORDERED that the Motion of Defendant Sanderson Farms to File Surreply (docket entry no. 220) is hereby granted.

SO ORDERED this the 31st day of May, 2006.


                                     s/ William H. Barbour, Jr.
                                     UNITED STATES DISTRICT JUDGE

tct