```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                      JACKSON DIVISION
```

**GARY KEITH THOMPSON, ET AL.**                                              **PLAINTIFFS**

**VS.**                               **CIVIL ACTION NO. 3:04CV837-WHB-JCS**

**SANDERSON FARMS, INC., AND**
**UNITED FOOD AND COMMERCIAL WORKERS**
**(LOCAL 1529, AFL-CIO)**                                                    **DEFENDANTS**

## OPINION AND ORDER

This cause is before the Court on the following Motions:

1) Defendants' Motion for Rule 54(b) Certification of Final Judgment, which was filed with the Clerk of the Court on June 14, 2006, under docket entry no. 342; and

2) Defendants' Motion to Dismiss Plaintiff Willie Bullock, which was filed with the Clerk of the Court on June 13, 2006, under docket entry no. 336.

Through the Motion for Rule 54(b) Certification of Final Judgment, Defendants seek entry of a Final Judgment on the claims of Defendants Lincoln Collins, Luther Wallace and Michael Hood. The claims of these Defendants were dismissed via an Opinion and Order filed on May 31, 2006, under docket entry no. 313.

Rule 54(b) of the Federal Rules of Civil Procedure states:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only <u>upon an express determination that there is no just</u>

> *reason for delay* and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

(Emphasis added). Defendants have come forth with no valid reason as to why a Final Judgment should be entered on the claims of Collins, Wallace and Hood. Based on the litigation history of this case, the Court wonders whether this is another tactic of Defendants to place obstacles in the path of Plaintiffs' attempts to efficiently bring this case to a final resolution. Regardless of whether this was Defendants' intent, the Court finds that the Motion should be denied.

Next considered is the Motion to Dismiss the claims of Plaintiff Willie Bullock. Through an Order filed with the Clerk of the Court on April 10, 2006, attorney Sharon Day was allowed to withdraw her representation of Bullock. The Order also stated "Willie Bullock is granted thirty days to retain other counsel or to notify the Clerk of the Court that he will represent himself." The thirty day period has long-since expired, and Bullock has taken no action to prosecute this case or to inform the Court of his intent with regard to prosecuting his claims. The Court therefore finds that the Motion to Dismiss Bullock's claims should be

granted. Because this finding does not represent a ruling on the merits of the case, the dismissal must be without prejudice.

Based on the holdings presented above:

IT IS THEREFORE ORDERED that Defendants' Motion for Rule 54(b) Certification of Final Judgment (docket entry no. 342) is hereby denied.

IT IS FURTHER ORDERED that Defendants' Motion to Dismiss Plaintiff Willie Bullock (docket entry no. 336) is hereby granted. The claims of Willie Bullock are hereby dismissed, without prejudice.

SO ORDERED this the 22nd day of June, 2006.

s/ William H. Barbour, Jr.
UNITED STATES DISTRICT JUDGE

tct