```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                     JACKSON DIVISION
```

**GARY KEITH THOMPSON, ET AL.**                                        **PLAINTIFFS**

**VS.**                              **CIVIL ACTION NO. 3:04CV837-WHB-JCS**

**SANDERSON FARMS, INC., AND**
**UNITED FOOD AND COMMERCIAL WORKERS**
**(LOCAL 1529, AFL-CIO)**                                               **DEFENDANTS**


                           **OPINION AND ORDER**

     This cause is before the Court on the Motion of Plaintiff Lincoln Collins for Reconsideration.  Having considered the Motion the Response and the Rebuttal, the Court finds that the Motion should be denied.

     In an Opinion and Order dated May 31, 2006, (hereinafter "May 31 Opinion") and filed with the Clerk of the Court on the same day under docket entry no. 313, this Court granted Defendants' Motion to Dismiss Plaintiff Collins.  Aggrieved by the holdings in the May 31 Opinion, Collins filed the subject Motion for Reconsideration on June 13, 2006.  That Motion is now ripe for decision.

     Motions to reconsider are analyzed under Rule 59(e) of the Federal Rules of Civil Procedure.  A judgment or order may be altered or amended under Rule 59(e) if: (1) a need to correct a manifest error in law or fact exists; (2) the movant uncovered new evidence that was reasonably unknown prior to entry of the judgment or order in question; or (3) an intervening change in controlling

law occurred. Schiller v. Physicians Res. Group, Inc., 342 F.3d 563, 567 (5th Cir. 2003)(citations omitted).  The United States Court of Appeals for the Fifth Circuit set forth the following additional factors to consider when entertaining such a motion: (1) the reasons set forth by the movant justifying consideration of evidence or arguments that the movant failed to present in the underlying motion; (2) the importance of the reconsideration of the underlying motion to the movant's case; (3) whether the reasons set forth by the movant justifying reconsideration were available to the movant before they responded to the underlying motion; and (4) the likelihood that the non-movants will suffer unfair prejudice if the motion is reconsidered. Sturges v. Moore, 73 Fed. App'x 777, 778 (5th Cir. 2003) (citing Ford v. Elsbury, 32 F.3d 931, 937-38 (5th Cir. 1994)).

    Litigants considering a Rule 59(e) motion have been "strongly cautioned" to carefully consider the grounds for such a motion. Atkins v. Marathon Le Torneau Co., 130 F.R.D. 625, 626 n.1 (S.D. Miss. 1990).  "Whatever may be the purpose of Rule 59(e), it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge." Id.

    In the Subject Motion for Reconsideration, Collins cites no new law and presents no arguments that were not previously considered by the Court.  Having considered all of the factors set

2

forth in <u>Sturges</u>, this Court finds that the Motion for Reconsideration should be denied.

Based on the holdings presented above:

IT IS THEREFORE ORDERED that the Motion of Plaintiff Lincoln Collins for Reconsideration (docket entry no. 335) is hereby denied.

SO ORDERED this the 10th day of July, 2006.

<u>s/ William H. Barbour, Jr.</u>
UNITED STATES DISTRICT JUDGE

tct