```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                      JACKSON DIVISION
```

**GARY THOMPSON, ET AL.**                                      **PLAINTIFFS**

**VS.**                          **CIVIL ACTION NO. 3:04CV837-WHB-JCS**

**SANDERSON FARMS, INC.**                                       **DEFENDANT**

<u>**OPINION AND ORDER**</u>

    This cause is before the Court on the Motion of Defendant Sanderson Farms, Inc. (hereinafter "Sanderson Farms") to Dismiss all Claims of Plaintiff Larry Cain, which was filed with the Clerk of the Court on June 22, 2006, under docket entry no. 354.  After considering the Motion and Response, the Court finds that under the constraints set forth below, the Motion should be denied.

    Through an Order rendered by the undersigned on May 4, 2006, all Plaintiffs with claims of emotional distress were required to submit to independent medical examinations by Defendant's expert psychiatrist. Plaintiff Cain asserted an emotional distress claim, thus he fell under the provisions of the May 4 Order. An independent medical examination was scheduled for Cain on June 8, 2006.  Without notifying counsel, he failed to appear for the examination, purportedly because he had a work conflict.  The independent medical examination was rescheduled for June 16, 2006, and Cain again failed to appear without notifying counsel.  This

second failure to appear, according to Cain's wife, was because he suffered a mental breakdown.

Dr. Mark Webb, Defendant's expert psychiatrist, was required to file his expert report by June 16, 2006.  That deadline passed without Dr. Webb having an opportunity to evaluate Cain's mental and/or emotional condition.  For that reason, Sanderson Farms argues that Cain's claims should be dismissed from this case pursuant to Rule 37(b)(2)(C) of the Federal Rules of Civil Procedure.  That rule allows for dismissal of a cause of action for failure to abide by court ordered discovery.

Under the factual circumstances described above, the Court finds that dismissal of Cain's claims is not the appropriate sanction.  However, if Cain intends to proceed with his emotional distress claim, he must suffer the consequences of failing to appear for two scheduled independent medical examinations, as follows:

IT IS THEREFORE ORDERED that Plaintiff Larry Cain will not be allowed to pursue his emotional distress claim at the trial of this cause _unless_: (1) Cain submits to an independent medical examination at the office of Dr. Mark Webb no later than four weeks prior to the beginning of this trial; and (1) Cain pays Dr. Webb's fees for the independent medical examination.  This holding has no effect on the remainder of Cain's claims.  Under these conditions,

the Motion of Defendant Sanderson Farms, Inc. to Dismiss all Claims of Plaintiff Larry Cain (docket entry no. 354) is hereby denied.

SO ORDERED this the 12th day of July, 2006.

s/ William H. Barbour, Jr.<br>UNITED STATES DISTRICT JUDGE

tct