IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

GARY THOMPSON, ET AL.                              PLAINTIFFS

VS.                               CIVIL ACTION NO. 3:04CV837BN

SANDERSON FARMS, INC.                               DEFENDANT

---

DARNELL AMOS, ET AL.                               PLAINTIFFS

VS.                               CIVIL ACTION NO. 3:04CV839BN

SANDERSON FARMS, INC.                               DEFENDANT

---

ARTHUR BAKER, ET AL.                               PLAINTIFFS

VS.                               CIVIL ACTION NO. 3:04CV840BN

SANDERSON FARMS, INC.                               DEFENDANT

## OPINION AND ORDER

This cause is before the Court on two competing motions.  The
first is Plaintiffs' Motion to Re-join the Plaintiffs in the
Captioned Causes for the Purposes of Trial.  The second is the
Motion of Defendant Sanderson Farms, Inc. ("SFI") for Separate
Trials or for Further Severance of Plaintiffs.  The Court, having
considered the Motions, Responses, attachments thereto, and
supporting and opposing authority, finds that separate trials of
the plaintiffs is warranted in these cases.  Accordingly,
Plaintiff's Motion will be denied, and the Motion of Defendant for
separate trials will be granted.

## I.  Procedural History

The subject litigation originated on May 19, 2003, when seventy-four African-American plaintiffs, all of whom are current or former employees of Defendant SFI, filed a lawsuit in this Court alleging claims of racial discrimination in violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981, arising during the course of their employment.[1]  The plaintiffs, although they were all employed at the SFI McComb facility, worked in either the production or processing division, and in one of eleven different job classifications.  Each plaintiff alleged one or more claims of race-based discrimination including, *inter alia*, failure to promote; wrongful termination; disparate treatment in the form of job assignments, discipline, and pay; and/or hostile work environment.[2]  The alleged acts of discrimination were perpetrated by various supervisors in the McComb facility over a three-year period of time.

---

[1]  The original lawsuit was styled <u>Sherry Holmes, et al. v. Sanderson Farms, Inc., et al.</u>, Civil Action No. 3:03-cv-699.

[2]  Not every plaintiff alleges the same claims of discrimination.  For example, in the <u>Thompson</u> case, Plaintiff Lavern Howard alleges claims of disparate treatment in the form of job assignments and pay; Plaintiff Jewel Spears alleges claims of disparate treatment in the form of job assignments and pay, failure to promote, wrongful termination/constructive discharge, and hostile work environment; Plaintiff Gary Thompson alleges claims of disparate treatment in the form of job assignments, discipline and pay, failure to transfer, and hostile work environment.

On August 26, 2004, the magistrate judge partially severed the plaintiffs according to their job classifications, and ordered them to re-file their claims as six separate lawsuits.  Relevant to the motions before the Court are the following cases:  Thompson, et al. v. Sanderson Farms, Inc., Civil Action No. 3:04-cv-837, which is comprised of thirty-one Live Haul Drivers from SFI Production; Amos, et al. v. Sanderson Farms, Inc., Civil Action No. 3:04-cv-839, which is comprised of ten Chicken Catchers in SFI Production; and Baker, et al. v. Sanderson Farms, Inc., Civil Action No. 3:04-cv-840, which is comprised of six Forklift Operators and Pull-up Drivers in SFI Production.

SFI now moves for separate trials of each plaintiff in the Thompson, Amos, and Baker cases pursuant to Rule 42(b) of the Federal Rules of Civil Procedure ("FRCP") or, in the alternative, for further severance of the plaintiffs into smaller trial groups. In support of its Motion, SFI advances two general arguments. First, the plaintiffs' claims are highly individualized – i.e. each plaintiff alleges one or more specific claims of racial discrimination arising from separate and distinct employment decisions that occurred at various times and under different circumstances – thereby requiring individual evidentiary proof to support their respective claims.  Second, SFI contends it will be prejudiced in the event the plaintiffs' claims are tried jointly,

as such a proceeding would exacerbate the inherent potential for jury confusion.

The plaintiffs not only oppose further severance, but have previously moved to "re-join" the forty-seven plaintiffs in the Thompson, Amos, and Baker cases for the purposes of trial. The plaintiffs argue that joinder is proper as their claims arise from "a common pattern of intentional discrimination during a distinct period of time," and that the SFI Executive Committee is responsible for the complained of employment decisions. The plaintiffs further argue that a joint trial would avoid delay and promote judicial economy by allowing all of the witnesses to testify in one proceeding, thereby decreasing the risk and expense of having to produce witnesses and evidence at multiple trials.

## II.   Legal Analysis

### A.   Rule 20(a) Joinder

As a preliminary matter, the Court questions the propriety of the joinder of the plaintiffs under Rule 20 of the FRCP. The record shows that the initial motion of SFI to sever, filed in the underlying Holmes case, was denied on the bases of (1) the plaintiffs' allegation that SFI had "a company-wide policy of racial discrimination," and upon (2) the magistrate's finding that all of the plaintiffs' claims allegedly "occurred as a direct and proximate result of a pattern and practice of intentional race

4

discrimination." Holmes, Civil Action No. 3:03-cv-699, slip. op. at 3 (S.D. Miss. Aug. 26, 2004). What has become evident during the subsequent course of this litigation, however, is that the plaintiffs cannot avail themselves of a claim of "pattern and practice" discrimination in these cases.

As explained by the United States Court of Appeals for the Fifth Circuit:

> A pattern and practice case is not a separate and free-standing cause of action, but is really "merely another method by which disparate treatment can be shown." Mooney v. Aramco Servs. Co., 54 F.3d 1207, 1219 (5th Cir. 1995). The typical pattern or practice discrimination case is brought either by the government or as a class action to establish "that unlawful discrimination has been a regular procedure or policy followed by an employer or group of employers." International Brotherhood of Teamsters v. United States, 431 U.S. 324, 360 (1977).

Celestine v. Petroleos De Venezuela SA, 266 F.3d 343, 355 (5th Cir. 2001) (alterations in original). Significantly, a case of pattern and practice discrimination cannot be brought by multiple plaintiffs who do not seek class certification but instead only allege individual claims of discrimination under Title VII. Id. at 356 n.4 (finding: "As the plaintiffs are before us in their individual capacities, due to their failure to obtain class certification, the [pattern and practice] method is not available to them."); Scarlett v. Seaboard Coast Line R.R. Co., 676 F.2d 1043, 1053 (5th Cir. 1982) ("This is not a 'pattern and practice

suit' by the government ... [n]or is this a private class action...
An individual proceeding as an individual under Title VII must
prove the elements of a discriminatory [employment] claim as set
forth in McDonald Douglas."). The plaintiffs' allegation that
their respective Title VII claims resulted because of a "company-
wide policy" of discrimination spear-headed by the SFI Executive
Committee is insufficient to transform their individual Title VII
claims into one of pattern and practice. See e.g. Mooney, 53 F.3d
at 1219 (finding that "isolated or sporadic discriminatory acts by
the employer is insufficient to establish a prima facie case of
pattern or practice discrimination."); Lowery v. Circuit City
Stores, Inc., *vac. on other grounds*, 527 U.S. 1031 (1999) ("An
individual plaintiff in a private, non-class action alleging
employment discrimination is not litigating common questions of
fact" as with a claim of pattern and practice discrimination, "but
the discrete question of whether the employer discriminated against
the plaintiff in a specific instance."); Babrocky v. Jewel Food
Co., 773 F.2d 857, 866-67 n.7 (7th Cir. 1985) ("Plaintiff's use of
'pattern and practice' language also seems to be misplaced, since
such suits, by their nature, involve claims of classwide
discrimination" and the plaintiffs, "while attacking policies that
would have affected all ... employees as a class, have stated only
their individual claims, not a class action.").

6

For joinder to be proper under FRCP 20(a), the plaintiffs must (1) assert a right to relief "arising out of the same transaction, occurrence, or series of transactions or occurrences," and (2) there must exist a common question of law or fact pertaining to all the plaintiffs arising in the action. FED. R. CIV. P. 20(a).  The Court finds that neither requirement for permissive joinder under Rule 20 is satisfied.

First, the plaintiffs' claims of race-based discrimination do not arise out of the same transaction or occurrence; instead, each claim is predicated on a separate and discrete employment decision, which was made by one of several different supervisors, over a three-year period of time, and under different circumstances. Additionally, the Court finds that the plaintiffs' allegation that all of the claimed employment decisions were ultimately made by the SFI Executive Committee does not establish a "common transaction" for the purpose of permissive joinder under Rule 20(a).  See e.g. Bailey v. Northern Trust Co., 196 F.R.D. 513, 516 (N.D. Ill. 2000) (finding the plaintiffs' allegations regarding the existence of a common core supervisory group that had knowledge of, was involved in, and caused and/or perpetuated the alleged discriminatory conduct was insufficient to satisfy the common transaction/occurrence requirement of Rule 20(a)); Grayson v. K-Mart Corp., 849 F. Supp. 785, 789 (N.D. Ga. 1994) (finding that the plaintiffs' allegations of centralized control and policy-making

did not satisfy the common transaction/occurrence requirement of Rule 20(a) in a case in which there was no evidence that the local managers blindly followed company policy and did not exercise any independent judgment regarding the employment decisions). Additionally, as two courts have observed:

> Taking plaintiffs' reasoning[- i.e. the existence of a centralized committee vested with the authority to review employment decisions is sufficient to satisfy the common transaction requirement of Rule 20-]to its logical end, every employment decision made by managers subject to central policies and review would constitute one transaction or occurrence, and any group of aggrieved employees would be entitled to join its claims under Rule 20(a).

Grayson, 849 F. Supp. at 789. See also Bailey, 196 F.R.D. at 526-27 (same). Like the courts in Bailey and Grayson, this "Court declines to read the permissive joinder rules so broadly."

Second, there is not a common question of law or fact pertaining to all the plaintiffs in the subject lawsuits. The Court recognizes that each plaintiff alleges claims of racial discrimination. This similarity, however, is not sufficient for the purposes of joinder under Rule 20(a). See e.g. Smith v. North Am. Rockwell Corp. Tulsa Div., 50 F.R.D. 515, 524 (N.D. Okla. 1970) (explaining:

> It is, of course, true that plaintiffs have alleged against defendant claims based upon the same general theories of law, but this is not sufficient. Whether a defendant unlawfully discriminated against one plaintiff with respect to promotion or job assignment in

8

> a given department is not common with the
> question whether defendant unlawfully
> discriminated against another plaintiff in a
> separate department. The second act
> constitutes separate, albeit similar, conduct.

See also Bailey, 196 F.R.D. at 517 (finding no common question of

fact or law among several plaintiffs whose allegations of race

discrimination arose from "discrete acts by the defendant");

Grayson, 849 F. Supp. at 789 (finding no common question of fact or

law in a case in which "the factual and legal questions between the

plaintiffs and defendant [were] based upon wholly separate acts of

the defendant with respect to each plaintiff.").

As the Court finds that the plaintiffs' claims to not arise

out of a common transaction or occurrence, and do not present a

common question of fact or law, the Court additionally finds that

the plaintiffs are not properly joined under FRCP 20(a).


**B.   Rule 42(b) Separate Trials**

Irrespective of whether the plaintiffs are properly joined

under Rule 20, the Court finds that separate trials would

nevertheless be warranted under FRCP Rule 42(b), which provides, in

relevant part:

> The court, in furtherance of convenience or to
> avoid prejudice, ... may order a separate
> trial of any claim, cross-claim, counterclaim
> or third-party claim, or of any separate issue
> or any number of claims ... or issues, always
> preserving inviolate the right to trial by
> jury as declared by the Seventh Amendment to

the Constitution or as given by statute of the
United States.

FED. R. CIV. P. 42(b).  The question of whether to order separate trials "is a matter within the sole discretion of the trial court," Conkling v. Turner, 18 F.3d 1285, 1293 (5th Cir. 1994), and is to be determined on a case-by-case basis.  Laitram Corp. v. Hewlett-Packard Co., 791 F. Supp. 113, 114 (E.D. La. 1992).  Courts, when considering the need for separate trials under Rule 42(b) have considered several factors including: (1) whether the claims arise out of the same transaction or occurrence; (2) whether the posture of discovery as to the respective claims suggests that they should not be tried jointly; (3) whether the claims present common questions of fact or law; (4) whether the claims will require testimony of different witnesses and documentary proof; and (5) the prejudice to either party in the event separate trials are ordered. See Morris v. Northrop Grumman Corp., 37 F. Supp. 2d 556, 580 (E.D.N.Y. 1999); Reading Indus., Inc. v. Kennecott Copper Corp., 61 F.R.D. 662, 664 (S.D.N.Y. 1974).

As discussed supra, each of the plaintiffs in the subject lawsuits alleges one or more claims of race-based discrimination arising from discrete employment decisions.  As each plaintiffs' claims are unique to his or her personal employment history and circumstances, the Court finds that the alleged discrimination does not arise out of a common transaction or occurrence, and does not present a common question of fact or law.

Secondly, as the plaintiffs cannot rely on a claim of pattern and practice discrimination, each plaintiff will have to present individualized proof in support of his or her respective claims. See e.g. Celestine, 266 F.3d at 355 (finding that a plaintiff "proceeding as an individual under Title VII must prove the elements of a discriminatory [employment] claim as set forth in McDonnell Douglas.") (citations omitted). Other courts have recognized, and this Court agrees, that permitting a single trial in these cases would impermissibly burden the parties and the Court.

First, in a joint trial, the jury would be required to keep separate each plaintiff's individualized discrimination claims, including their respective work histories, as well as their alleged damages and requests for relief. In the subject cases, the plaintiffs expect "a few hours" of direct testimony by each plaintiff at trial.[3] Conservatively, even if each of the Thompson plaintiffs was limited to three hours on the stand, the jury would be required to assimilate ninety-three hours of testimony given by thirty-one plaintiffs over a three week period, and then be expected recall the specific testimony given by each individual plaintiff during deliberations.[4] The Court finds that separate

---

[3] Pl.'s Mot. to Re-Join, at 6 n.4.

[4] The burden to the jury would be further compounded in the event the plaintiffs in Thompson, Amos, and Baker were re-joined for a single trial as jury would be expected to assimilate and

trials of each plaintiff is warranted as separate trial would spare the jury of the "hopeless task of trying to discern who did what and said what to whom and for what reason," Moorhouse v. Boeing Co., 501 F. Supp. 390, 392 (E.D. Pa. 1980).

Secondly, separate trials in these cases would ensure that the jury assesses each plaintiff's claim under the appropriate standard of proof.  As noted above, in the event a joint trial was held, the jury would hear three to four weeks of direct testimony by the plaintiffs.  The danger is that the jury may become so overwhelmed trying to recall the independent testimony given by each plaintiff during this time period, that they may simply consider the evidence in toto when deliberating on each respective claim.  The potential that the jury could find in favor of one plaintiff based on the anecdotal evidence presented by other plaintiffs in these cases would not only prejudice the defendant, but would also violate American jurisprudence.  See e.g. Bailey, 196 F.R.D. at 518 (expressing concern that in a joint trial the "jury may simply resolve the confusion by considering all of the evidence to pertain to all the plaintiffs' claims."); Henderson v. AT & T Corp., 918 F. Supp. 1059, 1063-64 (S.D. Tex. 1996) (ordering separate trials on a finding that "a joint trial would make it extremely difficult for the jury to keep each Plaintiff's claim separate and require each

---

recall 141 hours of testimony given by 47 plaintiffs over a four-week period.

Plaintiff to independently prove her case, the jury may simply resolve the confusion by considering all the testimony..., despite any limiting instruction" from the court); <u>Watkins v. Hospitality Group Management Inc.</u>, No. 1:02cv897, 2003 WL 22937710, at *11 (M.D.N. Car. Dec. 1, 2003) (ordering severance upon a finding that the jury, after hearing testimony of the two plaintiffs regarding alleged work place harassment, could either consider "the evidence in the aggregate" to the prejudice of the employer, or could "confuse the evidence in some other manner when looking for discriminatory intent towards one Plaintiff alone."). The Court finds that the "need to focus the jury's attention on the merits of each individual plaintiff's claims counsels against proceeding with these cases in one consolidated trial." <u>Bailey</u>, 196 F.R.D. at 518.

Finally, although separate trials will result in some duplication of evidence and testimony, the Court finds that this factor alone is insufficient to offset or otherwise overcome the prejudice that could result from a joint trial. The Court also recognizes that separate trials will result in a greater expense to the plaintiffs and that there will be substantial delays for those plaintiffs whose cases are not among those tried first. However, the Court observes that the plaintiffs chose not to bring their claims as a class action where pattern and practice evidence would have been admissible, but opted for individual, joined actions where individual damages and equitable relief is available.

Having considered the parties arguments regarding permissible joinder, potential prejudice, convenience, and expense, the Court concludes that the potential for jury confusion and prejudice to the defendant would offset any possible benefits of a joint trial. Accordingly, the Court finds the a separate trial on each plaintiff's respective claims is warranted.

### III.  Conclusion

For the foregoing reasons:

IT IS THEREFORE ORDERED that the Motion of Plaintiffs to Re-Join the Plaintiffs in the Captioned Causes for the Purposes of Trial is hereby denied.

IT IS FURTHER ORDERED that the Rule 42(b) Motion of Defendant for Separate Trials is hereby granted.

IT IS FURTHER ORDERED that a copy of this Order and Opinion shall be entered in the docket of each of the above referenced cases.

SO ORDERED this the 1st day of September, 2006.


                                        s/ William H. Barbour, Jr.
                                        UNITED STATES DISTRICT COURT